IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TEXAS DEMOCRATIC PARTY, ET AL. | § § § | |
| Plaintiffs, | § § | NO. 3-08-CV-2117-P |
| VS. | § § | |
| DALLAS COUNTY, TEXAS, ET AL. | § § | |
| Defendants. | § | |

**MEMORANDUM ORDER**

Plaintiffs have filed a motion to compel the production of documents from Defendants Dallas County, Texas and its Election Administrator, Bruce Sherbet. At issue are billing records reflecting the time spent, hourly rates, and fees charged by counsel for defendants which, according to plaintiffs, are relevant to determining the amount of fees plaintiffs may recover as the prevailing parties in this litigation. Defendants counter that plaintiffs never served a formal discovery request and, in any event, the billing records are not relevant to the determination of reasonable attorney's fees. The parties have briefed their respective arguments in a joint status report filed on December 8, 2010, and the motion is ripe for determination.[1]

Under Rule 37, a party seeking discovery may move for an order compelling the production or inspection of documents if "a party fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34." FED. R. CIV. P. 37(a)(3)(iv). It is axiomatic that

---

[1] In its December 1, 2010 order requiring the parties to file a joint status report after conferring on the motion, the court indicated that it was "inclined to require defendants to produce copies of their fee statements, after redacting any privileged or confidential information." *See* Order, 12/1/10 at 1. However, that preliminary ruling was made before the court learned that plaintiffs never served defendants with a formal request for production of documents.

a court may not compel the production of documents under Rule 37 unless the party seeking such an order has served a proper discovery request on the opposing party. *Ledbetter v. United States*, No. 3-96-CV-0678-X, 1996 WL 739036 at *2 (N.D. Tex. Dec. 18, 1996) ("[A] motion to compel pursuant to the enforcement provisions of [ ] Rule 37 clearly contemplates that the parties have relied on the formal discovery rules."); *see also Garrison v. Dutcher*, No. 1-07-CV-0642, 2008 WL 938159 at *2 (W.D. Mich. Apr. 7, 2008), *quoting Sithon Maritime Co. v. Holiday Mansion*, No. 96-2262, 1998 WL 182785 at *2 (D. Kan. Apr. 10, 1998) (explaining significant differences between formal and informal discovery). Here, plaintiffs maintain that two letters sent to opposing counsel requesting copies of their billing records constitute a proper request for production. The first letter, dated January 25, 2010, states:

> As you know, your firm recently filed, on behalf of Dallas County, a motion objecting to the amount of attorneys' fees Plaintiffs' counsel claims in this case. It has come to my attention that your firm has billed Dallas County in excess of the amounts claimed by the Plaintiffs. Your firm's billings greatly exceed those billed by Plaintiffs despite the fact Plaintiffs carried the burden of proof.
>
> Under Federal Rules of Civil Procedure 11, your firm had a duty to inform the Court (1) that the attorneys' fees incurred by Dallas County were in excess of those claimed by Plaintiffs' counsel, and (2) why the discrepancy in billing amounts does not negate the argument and authorities presented in Dallas County's objection to Plaintiffs' Motion for Attorneys' Fees and Costs. Your pleading's failure to provide information on your firm's greater attorneys' fees billing is a failure to disclose material facts.
>
> Please let me know immediately if you intend to amend your filings with the Court to include this additional information or withdraw your objection.

(Jt. Stat. Rep., Exh. A). After receiving a response to this letter,[2] counsel for plaintiffs sent a second letter to opposing counsel on February 3, 2010. That letter states, in pertinent part:

---

[2] Neither party has provided the court with a copy of defense counsel's response to the January 25 letter.

> I am in receipt of your letter concerning attorneys' fees. From your letter, I gather it is your belief the attorneys' fees submitted to Dallas County citizens is not relevant to show the reasonableness of Plaintiffs' charges for like or similar services. The fact that your law firm was unwilling to attach an affidavit contesting Plaintiffs' fees reveals your office is unable to do so given its own charges. Since you have refused to inform the Court or produce a copy of your bills, *I assume you will be treating my earlier letter as a Request for Production and will respond accordingly.*

(*Id.*, Exh. B) (emphasis added).

Even if the court treats the January 25 and February 3 letters, taken together, as a formal request for production of documents, the request does not comply with the requirements of Rule 34. Under that rule, a proper request for production must, *inter alia*, "describe with reasonable particularity each item or category of items to be inspected[,]" and "specify a reasonable time, place, and manner for the inspection and for performing the related acts[.]" FED. R. CIV. P. 34(b)(1)(A) & (B). Neither letter describes "with reasonable particularity" the documents to be produced by defendants. Nor do the letters specify a "time, place, and manner" for production or inspection. Plaintiffs all but ignore these requirements, focusing instead on the relevance of the billing records and defendants' failure to object. Whether the documents are relevant to the determination of plaintiffs' application for attorney's fees is of no significance absent a proper request for production. *See Ghavami v. Alanis*, No. SA-05-CV-0700-RF, 2006 WL 1821700 at *1 (W.D. Tex. Jun. 29, 2006) (court may not compel production of documents, even if relevant, without a formal discovery request). Likewise, defendants have no duty to object to an informal discovery request that does not comply with Rule 34. *See Garrison*, 2008 WL 938159 at *2 (informal letter requests for discovery do not implicate the duties of opposing parties to respond pursuant to Rule 34).

For these reasons, plaintiffs' motion to compel the production of documents [Doc. #68] is denied. Plaintiffs' request for oral argument is also denied.

SO ORDERED.

DATED: December 9, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE